JS-6

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310-855-3000

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIDEON AKANDE, derivatively on behalf of XPONENTIAL FITNESS INC., <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY GEISLER, JOHN MELOUN, JAIR CLARKE, MARK GRABOWSKI, CHELSEA A. GRAYSON, and BRENDA MORRIS, <br><br> Defendants, <br><br> and <br><br> XPONENTIAL FITNESS INC., <br><br> Nominal Defendant. | CASE NO. 2:24-cv-01928-JWH-KES <br><br> Hon. John W. Holcomb <br> Courtroom 9D, Santa Ana <br><br> **ORDER REGARDING JOINT STIPULATION TO STAY PROCEEDINGS** <br><br> Action Filed: March 10, 2024 |

ORDER

Upon the Joint Stipulation proposed by plaintiff Gideon Akande ("Plaintiff") and defendants Anthony Geisler, John Meloun, Jair Clarke, Mark Grabowski, Chelsea A. Grayson, and Brenda Morris (together, the "Individual Defendants") and nominal defendant Xponential Fitness, Inc. (together with the Individual Defendants, "Defendants")[1] with respect to the complaint filed by Plaintiff on March 10, 2024 (the "Shareholder Derivative Complaint") in the above-captioned action (the "Shareholder Derivative Action"), and with good cause being shown, the Court hereby **ORDERS** as follows:

1. All proceedings and deadlines in the Shareholder Derivative Action, including any obligation to answer, move against, or otherwise respond to the Shareholder Derivative Complaint, are hereby **STAYED** pending the final resolution of *City of Taylor General Employees Retirement System v. Xponential Fitness, Inc.*, Case No. 8:24-cv-00285-JWH-KES (the "Securities Litigation"), or an Order by the Court. Any party may move at any time to modify or vacate the stay, for good cause shown.

2. Defendants are **DIRECTED** promptly to notify Plaintiff of any additional related derivative actions or threatened derivative actions (Section 220 demands or litigation demands) of which Defendants become aware during the pendency of the stay.

3. While the Shareholder Derivative Action is stayed, Defendants are **DIRECTED** promptly to notify Plaintiff if a related derivative action is not stayed for a similar or longer duration.

4. The Parties are **DIRECTED** to meet and confer regarding the stipulated consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to the Shareholder Derivative Action. Plaintiff may make a motion to consolidate and/or appoint lead counsel for plaintiff during the pendency of the stay of the Shareholder Derivative Action.

---

[1] "Plaintiff" and "Defendants" together are referred to herein as the "Parties."

5. While the Shareholder Derivative Action is stayed, Defendants are **DIRECTED** to provide Plaintiff with reasonable advance notice of and to invite Plaintiff to, and to include Plaintiff in, any mediation and any formal settlement talks between the parties in the Securities Litigation, provided that, in the event that Lead Plaintiffs in the Securities Litigation object to including Plaintiff, Defendants shall mediate with Plaintiff at or about the same time.

6. While the Shareholder Derivative Action is stayed, Defendants are **DIRECTED** to provide Plaintiff with reasonable advance notice of and to invite Plaintiff to any mediation and any formal settlement talks between the parties in any related derivative action or related threatened derivative action.

7. While the Shareholder Derivative Action is stayed, Defendants are **DIRECTED** promptly to produce to Plaintiff any documents produced in any related derivative action or related threatened derivative action (including to a shareholder who made a Section 220 books and records demand), subject to a reasonable and mutually-agreed confidentiality agreement or protective order that permits Plaintiff to use the discovery in the Shareholder Derivative Action.

8. The Parties are **DIRECTED** to file on or before July 5, 2024, and every 90 days thereafter, a Joint Status Report that advises the Court regarding the status of the Securities Litigation, any related derivative action, and any related threatened derivative action of which Defendants become aware.

9. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or arguments, except as expressly provided herein.

10. The Clerk is **DIRECTED** to close this case administratively.

**IT IS SO ORDERED**.

Dated: April 3, 2024

Honorable John W. Holcomb
United States District Judge