UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:24-cv-01928-JWH-KES<br>8:25-cv-00258-JWH-JDE | Date | March 4, 2025 |
|---|---|---|---|
| Title | *Gideon Akande v. Anthony Geisler, et al.*;<br>*Stefanie Nelson v. Anthony Geisler, et al.* | | |

Present: The Honorable     JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):           Attorney(s) Present for Defendant(s):

None Present                                                      None Present

**Proceedings:   ORDER TO SHOW CAUSE RE: CONSOLIDATION (IN CHAMBERS)**

On March 10, 2024, Gideon Akande, derivatively on behalf of Xponential Fitness, Inc. ("Xponential"), commenced a stockholder derivative lawsuit against Defendants John Meloun, Jair Clarke, Mark Grabowski, Chelsea A. Grayson, and Brenda Morris (collectively, the "Individual Defendants") and against Nominal Defendant Xponential (collectively, "Defendants") in Case No. 8:24-cv-01928 (the "First Action").[1] Akande alleges that Defendants' breached fiduciary duties, causing the Xponential to suffer significant liability and damages.[2]

On June 24, 2024, the Court issued an order consolidating the First Action with another derivative action against the same Defendants into the Consolidated Derivative Action, under Case No. 8:24-cv-01928 (the "Consolidated Derivative

---

[1]   *See generally* Complaint in First Action [ECF No. 1].
[2]   *See id.*

Action").[3] In that Order, the Court directed the Parties to assist the Court by calling to the Court's attention any action arising out of the same transactions or occurrences as the Consolidated Derivative Action and asserting direct and/or derivative state law claims and/or derivative claims based on the federal securities laws, whether filed in this Court or transferred here, and Co-Lead Counsel shall assure that counsel therein receive notice of this Stipulation and Order.[4]

On February 10, 2025, Stefanie Nelson filed an action against Individual Defendants and Nominal Defendant Xponential—Case No. 8:25-cv-00258 (the "Nelson Action")—for the essentially the same claims, arising from the same set of facts.[5]

On February 20, 2025, in the Consolidated Derivative Action, Plaintiffs filed the instant Notice of Related Cases, requesting the Court to consolidate the Nelson Action into the Consolidated Derivative Action.[6] In that Notice, counsel represented to the Court that both Plaintiffs' and Defendants' counsel agree to the proposed consolidation.[7] However, Nelson's counsel did not sign that Notice.

The Court believes that the consolidation of the Consolidated Derivative Action and the Nelson Action might be appropriate. Courts often find it appropriate to consolidate two cases when those cases include similar parties and share common questions of law and fact. *See* Fed. R. Civ. P. 42(a); *see also In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[T]rial courts may consolidate cases *sua sponte* . . . ."). Here, the cases include similar parties—*i.e.*, Xponential—as well as common questions of law and fact.

In view of that background, the Court hereby **ORDERS** as follows:

1. Nelson is **DIRECTED** to show cause in writing no later than March 21, 2025, why the Court should or should not consolidate these cases.

---

[3]    *See* Order Regarding Joint Stipulation to Consolidate Derivative Actions Case No. 2:24-cv-03937-JWH-KES [ECF No. 25].

[4]    *See id.*

[5]    *See generally* Complaint in Nelson Action [ECF No. 1].

[6]    Pl.'s Notice of Related Derivative Action [ECF No. 30].

[7]    *See id.*

2. A hearing on this OSC is **SET** for April 4, 2025, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**